STATE *EX RELATIONE* NESBITT v. MARSHALL.

1. Costs, it seems, may be taxed only against parties to the record.
2. One not a party to the record, but who becomes owner of the property during the litigation, cannot have the costs taxed against him by the clerk, but his liability for costs can be adjudged only by the court on rule to show cause.
3. An appeal from the clerk's refusal to tax costs is not a motion, and on its dismissal the appellant should not be charged with the costs of a motion.

Before WALLACE, J., Richland, July, 1887.

The opinion fully states the case.

*Mr. A. C. Moore*, for appellant.

*Messrs. Lyles & Haynsworth*, contra.

April 30, 1888.    The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.    On May 14, 1884, a proceeding was instituted before trial justice J. Q. Marshall, Esq., under section 1819 of the General Statutes, to eject James Nesbitt, as a tenant holding over, from a house and lot in the city of Columbia.    The proceeding was in the name of Charles Cavender, who was absent from the State, but was instituted and conducted by his father, Thomas S. Cavender.    Nesbitt made defence, denying, among other things, that the said Charles was the owner of the premises, or that he, Nesbitt, was his tenant.    The trial justice overruled the defence and ordered Nesbitt ejected May 17, 1884.    Thereupon Nesbitt applied to the Circuit Court for a writ of *certiorari* against the trial justice and Charles Cavender. The Circuit Judge refused the writ, but upon appeal this court reversed the ruling and set aside the proceedings before the trial justice.[1]

The clerk of the Circuit Court, after due notice, taxed the costs, amounting to $109.50, and upon exceptions filed the taxation was sustained by Judge Aldrich, and there was no appeal.

[1] See 24 *S. C.*, 507.—REPORTER.

The attorney of the relator, Nesbitt, made an application to the clerk to tax the costs against T. S. Cavender, as the real party in interest, who alone conducted the proceedings in the name of his son Charles, showing by affidavits that Charles was absent from the State during the whole litigation, and that on March 8, 1884, before the proceeding was commenced, Charles Cavender, the son, in the State of Colorado, executed to the father a deed of the premises, from which it is sought to eject Nesbitt, which deed was recorded in Richland County, South Carolina, May 23, 1884, the very day on which was commenced the proceedings for writ of *certiorari*, the relator's affidavit stating that "all the right, title, and interest of Charles Cavender in the house and lot, and the alleged lease had" "become the property of Thomas S. Cavender since the commencement of the proceedings." The clerk refused the motion to tax the costs against T. S. Cavender, who was not a party on the record. Upon appeal to the Circuit Court, Judge Wallace "dismissed the appeal with ten dollars costs of the motion to the attorney of Thomas S. Cavender."

From this order the relator appeals to this court upon the following grounds: (1) Because his honor erred in not deciding that Thomas S. Cavender was the real party in interest in the cause. (2) Because his honor erred in not deciding that the cause of action in the above entitled cause became the property of Thomas S. Cavender by "assignment after the commencement of the action, or otherwise." (3) Because his honor erred in not deciding that Thomas S. Cavender was liable for the costs in said cause. (4) Because his honor erred in not ordering that an execution should issue against Thomas S. Cavender's property for said costs. (5) Because his honor erred in not ordering that an attachment issue against Thomas S. Cavender to enforce the payment of said costs. (6) Because his honor erred in not ordering Thomas S. Cavender to pay said costs. (7) Because his honor erred in refusing relator's said motion. (8) Because his honor erred in allowing ten dollars costs on said motion to the attorneys of Thomas S. Cavender.

There seems to be no doubt that, as a matter of fact, Thomas S. Cavender alone (his son being in Colorado) instituted and conducted the proceedings to oust Nesbitt, and for his own benefit,

as at that very time his son had actually conveyed to him the premises, of which Nesbitt had possession, but his name was not on the record as a party.

Costs are purely statutory, and before they can be taxed the law must be shown which authorizes it.   Section 323 of the Code provides that in every civil action costs shall be allowed (with certain exceptions) as of course, "accordingly as the action may terminate, and shall be inserted in the judgment against the losing party in such action."   This, as it seems to us, indicates that costs are to be taxed, as a matter of course, only against those who are parties on the record, and, therefore, may be reached by a judgment entered thereon.   There is, however, in the code a provision which, under particular circumstances, expressly declares that "a person not a party to the action" may be made liable for the costs.   Section 334 of the Code enacts as follows:  "In actions in which the cause of action shall, by assignment after the commencement of the action, or in any other manner, become the property of a person not a party to the action, such person shall be liable for the costs and disbursements in the same manner as if he were a party, and payment thereof may be enforced by attachment," &c.   It seems that during the whole litigation in which the costs are taxed, Thomas S. Cavender was the owner of the premises involved in the litigation, and was, therefore, not contending for his son Charles, whose name was on the record, but for himself as the owner.   He could at any time have had himself made a party.   *Ex parte Mackay in re Barrett* v. *Cochran*, 8 *S. C.*, 48.

But from the view which the court takes, the question whether Thomas S. Cavender was liable for the costs, was not properly before the Circuit Judge.   The clerk of the court had no right, as a matter of course, to tax the costs against him, not being on the record.   The aforesaid section of the code seems to contemplate that it is to be done by order, enforced "by attachment," which was beyond the power of the clerk, and could only be done by the court; and, as we take it, after notice to the party alleged to be liable and opportunity given him to be heard on a rule to show cause.   See *Kennesaw Mills Co.* v. *Walker*, 19 *S. C.*, 112.   As we understand it, there was in this proceeding no rule to

show cause against Thomas S. Cavender. It was originally a motion before the clerk, and came up on appeal from his refusal to tax the costs against T. S. Cavender. The clerk had no right to decide the question under the code, and, therefore, upon appeal from him, the only matter before the Circuit Judge was whether the clerk committed error in refusing to tax the costs against T. S. Cavender. We cannot say that the judge committed error in refusing to reverse him. This ruling is upon the matter as it comes before us, and without prejudice as to any question which the relator, Nesbitt, may be advised to make under regular proceedings by rule to show cause against Thomas S. Cavender.

Section 328 of the Code provides that "costs may be allowed on a motion in the discretion of the court or judge, not exceeding ten dollars." It seems to us that this was not strictly a motion in the sense of the provision, but rather an appeal from the decision of the clerk, and that the allowance was error. With this modification and explanation,

The judgment of this court is, that the judgment of the Circuit Court be affirmed.