## WALKER v. DOTY.

Costs—Rule.—Where a claim due a partnership under agreement is made the property of one member who sues it to judgment, but on settlement of partnership affairs it is sold as a partnership asset and bought by another member of the firm, he is not liable to the judgment creditor under section 334, of Code of Procedure, for costs accruing in an action to set aside the judgment pending at time of sale, but of which purchaser had no notice and to which action he was not made a· party, and to which litigation' he did not assent. Costs ·were collected of judgment creditor by sheriff under execution;· recovery being sought in an action for money in discharge of such liability for use of purchaser. If liable at all under sec. 334, Code, he should have been proceeded against by rule.

·Before KLUGH, J., Fairfield, March, 1906.　　Reversed.

Action by David V. Walker against William R. Doty. From judgment for plaintiff, defendant appeals.

*Mr. J. E. McDonald,* for appellant, cites: *Action is not proper remedy to collect costs under sec. Code 334:* 28 S. C., 559; 48 S. C., 588. *Persons can only be made party by rule or summons:* Code of Proc., secs. 148, 142; 42 S. C., 388; 44 S. C., 386; 55 S. C., 254; 54 S. C., 203; 60 S. C., 477. *One not so made a party is not bound by the judgment:* 2 Black on Judg., secs. 534, 600, 610; 1 *Id.,* secs. 215, 218, 219, 220; 17 S. C., 439; 19 S. C., 576; 24 S. C., 401, 427; 25 S. C., 275.

*Messrs Ragsdale & Dixon,* contra, cite: *It was not obligatory on Walker to. apply for rule against Doty:* Code of Proc., 334, 296, 142; 3 Addison on Contracts, secs, 1405, 1407.

March 28, 1907.　The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this suit to recover of defendant $210.60, which sum he alleges was collected from him under an execution issued in the case of *Mary A. Chambers* v. *A. G. Bookman,* to collect the costs and disbursements of plaintiff in that action, and was paid by him to the use of defendant.

The defendant made answer, and in his second, third and fourth defenses set up that he was not a party to the case of *Chambers* v. *Bookman,* was ignorant of any such proceedings, and was in no wise liable for the costs of that suit. The plaintiff demurred to said defenses on the ground that they did not state facts sufficient to constitute any defense. The demurrer was sustained by Judge Klugh, and the case went to trial.

Defendant's first and second exceptions allege error in sustaining the demurrer. During the trial plaintiff was allowed to introduce in evidence the record in the case of *Chambers* v. *Bookman* over defendant's objection that it was *res inter alios acta,* and to this ruling defendants third and fourth exceptions are directed. The defendant moved the Court to instruct the jury to find in favor of the defendant on the ground that defendant was not a party to the suit of *Chambers* v. *Bookman;* that plaintiff was the real party in interest in said suit, and that his payment of the costs was a payment in discharge of his own liability and was not paid for the use of defendant. The Court refused to so instruct the jury, and this refusal is the basis of the fifth exception. The Court instructed the jury to find a verdict in favor of the plaintiff under the view that Section 334 of the Code, and the undisputed facts made defendant liable in this action. Whether defendant is liable under Section 334 and the admitted or undisputed facts is really the broad question upon which all the exceptions depend.

These are the facts: On June 21, 1889, the plaintiff, Walker, recovered judgment against A. G. Bookman for $642.38 and costs. At that time and for some time prior plaintiff and defendant were and had been copartners in business,

30—76

under the name of W. R. Doty & Co. The judgment was obtained in the name of plaintiff individually, and it appears in the answer, which is admitted by the demurrer, that the claim upon which judgment was rendered originally belonged to W. R. Doty & Co., but by agreement between the partners the plaintiff became the absolute owner of the claim and W. R. Doty then had no interest in the same or in the judgment rendered. In 1897 Mary A. Chambers began an action in the Fairfield Court of Common Pleas against A. C. Bookman, Mary A. Bookman, the plaintiff, and others, to have it adjudged that she was entitled to a deed of conveyance for the entire premises described in a mortgage from Mary A. Bookman to Edward R. Arthur, attorney. David V. Walker and others were made parties because of alleged interests as judgment or mortgage creditors claiming liens on the land, including the judgment of *David V. Walker* v. *A. C. Bookman* above mentioned. The Circuit Court dismissed the complaint in a decree dated October 12, 1902, but on appeal to the Supreme Court the judgment was reversed, 67 S. C., 432, 46 S. E., 439, and resulted in a judgment in favor of Mary A. Chambers against the defendants, including David V. Walker, for $210.60, as plaintiff's costs and disbursements. Execution was issued therefor against David V. Walker and other parties defendant in that suit, and the same was paid by David V. Walker to the sheriff September 10th or 14th, 1904. There is nothing to explain why David V. Walker alone had to pay these costs, since the execution was against others also, and nothing to explain why the other defendants were not called upon by Walker to contribute towards the payment of the judgment. It is now sought to charge Doty alone, on the ground that the money was paid to his use and benefit, on these facts: Doty and Walker having some differences, submitted the matter to arbitration, and thereafter executed a conveyance of the assets of W. R. Doty & Co. to R. C. Gooding, as trustee, and at a sale of said assets by the trustee Doty, in December, 1901, purchased from the trustee the said judg-

ment recovered in favor of Walker against Bookman. This purchase of the judgment was after the suit in *Chambers* v. *Bookman* had commenced, and previous to the trial on Circuit and appeal to the Supreme Court. Walker remained a party to said suit, and no effort whatever was made to have R. C. Gooding as trustee or W. R. Doty as purchaser of the judgment from the trustee substituted as a party to the case. It is an admitted fact in the case, under the demurrer, that Doty had no interest in the judgment when it was recovered, and that at the time he purchased it from the trustee, Doty was ignorant of the existence of the suit in *Chambers* v. *Bookman et al.*

The plaintiff has no case against the defendant upon the facts stated. Section 334 of the Civil Code of Procedure provides: "In actions in which the cause of action shall by assignment after the commencement of the action, or in any other manner, become the property of a person not a party to the action, such person shall be liable for the costs and disbursements in the same manner as if he were a party, and payment thereof may be enforced by attachment." In *State* v. *Marshall,* 28 S. C., 559, 6 S. E., 564, the Court held (quoting the syllabus) that "one not a party to the record, but who becomes owner of the property during the litigation, cannot have the costs taxed against him by the clerk, but his liability for costs can be adjudged only by the Court on rule to show cause." The Circuit Judge considered that Doty's purchase of the judgment was a purchase of at least a part of the "cause of action," as a lien of the judgment affecting the property involved was within the objects of the suit and the holder of the lien was a necessary party, and that the statute created a general liability of the assignee of such judgment for costs, hence the liability of defendant in this action, which was not to recover costs, but was to recover the money paid in discharge of such liability for the use of defendant.

Even if it be conceded that the assignment of the judgment was an assignment of the "cause of action," a matter

at least doubtful, still we do not construe the statute as creating a liability for costs except in the manner provided in the statute, that is, a liability to be brought into the case as a party thereto by a rule to show cause, as indicated in *State* v. *Marshall, supra.* As the defendant was not brought into the suit in such manner he is not legally liable for the costs, or the amount paid by another as such, unless by some contract, express or implied, he has made himself liable therefor. There is not the slightest allegation or evidence of any express contract to that effect, and we think it clear that no such contract can be implied from the circumstances. The defendant had no knowledge when he purchased the judgment that it was the subject-matter of litigation in *Chambers* v. *Bookman,* and there is nothing to show that plaintiff was induced by defendant to continue the litigation in plaintiff's name, or that plaintiff paid the costs at the request of defendant or for his use and benefit, but that plaintiff made the payment, under compulsion of the sheriff, because of his own liability with others for the costs of the suit. The law will not raise an implied promise by defendant to reimburse plaintiff in this case, because no legal duty or obligation to pay was cast upon plaintiff by reason of any neglect or default of defendant. Addison on Contracts, Sections 1405-1407.

The judgment of the Circuit Court is reversed.